■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL GILMORE, Appellant. — Judgment unanimously modified on the law in accordance with the memorandum and as modified affirmed. Memorandum: The defendant's contention that the statute (Mental Hygiene Law, § 208) is unconstitutional is without merit. Those portions of section 208 under attack here have been found to contain no constitutional defect (see *People* v. *Fuller*, 24 N Y 2d 292, 301). On April 10, 1970, after certification, defendant was committed by Buffalo City Court to the care and custody of the Narcotic Addiction Control Commission (NACC) for 36 months on a conviction for a misdemeanor. On April 23, 1970 he was sentenced by Erie County Court on a felony conviction to an indeterminate term of imprisonment with a maximum of four years and committed to the custody of the State Department of Correction, there to be dealt with in accordance with law. It now appears that on April 24, 1970 defendant was transferred to Attica, where he is presently incarcerated, to commence service on the felony conviction. The interruption of the NACC sentence by the commitment of defendant to prison for immediate service of the prison sentence imposed by Erie County Court was unauthorized. (*People* v. *Rios*, 37 A D 2d 734; *People* v. *Michels*, 30 A D 2d 666.) Accordingly, we modify the judgment of Erie County Court on the law by deferring imprisonment thereunder until termination of the sentence imposed by City Court, at which time defendant will be required to serve the sentence now under review with due credit for time

already served. (Appeal from judgment of Erie County Court convicting defendant of attempted assault, second degree.) Present—Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Cardamone, JJ.