■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GEORGE JOHNSON, Appellant.— Appeal from an amended judgment of the County Court of Otsego County, rendered May 31, 1973, which revoked defendant's probation and imposed sentence. On January 16, 1973 defendant pleaded guilty to criminal possession of a forged instrument in the third degree in full satisfaction of an indictment charging him with three counts of forgery in the second degree and three counts of petit larceny. In view of defendant's history, he was sentenced to three years' probation and was required to abstain from alcohol and to make restitution. At subsequent court proceedings initiated when defendant failed to comply with the conditions, he was ordered to support his family. On May 25, 1973 defendant was arrested pursuant to a bench warrant on a charge of having failed to report to his probation officer on May 23, 1973 or to contact him since that date. At a later hearing, defendant explained that he was unable to obtain transportation for the 35-mile trip and that he did not call the probation officer although there was a telephone available at his place of work. The court disbelieved defendant's explanation and found him in violation of the terms of his probation. Thereupon he was sentenced to a one-year term in Otsego County Jail. Defendant contends that the proceedings below violated his constitutional rights to due process of law since the proof went beyond the charge in the

declaration of delinquency and that his probation was revoked for reasons other than those specified in the charge; and that the one-year sentence was in excess of the maximum permitted by law since he had already served four months on probation. Neither of these arguments are meritorious. It is clear from the record that there is no dispute as to defendant's failure to report to his probation officer as required. A violation of probation was thus established. The court was entitled to, if not obliged to, consider defendant's past behavior while on probation to determine the sanction to be imposed. Thus, had the failure to report been an isolated incident, the court, in its discretion, may have decided that a warning sufficed. However, defendant's history of repeated violations, despite court warnings to comply with the conditions, placed the instant violation in a different light. The court was confronted with a situation where probation was not fulfilling its objectives due to defendant's failure to offer even minimal co-operation and, under the circumstances, a sentence to county jail was appropriate. To accept defendant's contention that the time spent on probation must be credited to the jail sentence would do violence to the statutory structure which provides for a three-year probation term (Penal Law, § 65.00, subds. 2 and 3). Thus, according to defendant, after one year on probation, he could violate its terms with impunity since a sentence to county jail would no longer be possible. Common sense dictates that we reject this position. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.