Leonard L. Finz, J.
Defendant seeks credit for jail time.
The defendant herein was indicted by a Queens County Grand Jury on May 22, 1974 and charged with the crime of grand larceny in the third degree and fraudulent accosting. Thereafter, the instant indictment (No. 1072/74) was consolidated with two others (Nos. 916/74 and 983/74). On August 22, 1974 defendant pleaded guilty to grand larceny in the *1097 third degree to cover all counts of the consolidated indictments.
The defendant was then sentenced on September 13, 1974 by this court to a period of probation for five years. A condition of probation directed that "the probationer must undergo treatment in an in-patient program of the Drug Abuse Control Commission for a period to be determined by the Commission, which will not be in excess of one year”.
In May, 1975 the defendant was charged with a violation of probation. It was alleged that he unlawfully left the Arthur Kill drug facility in Staten Island, New York. A hearing was held on September 10, 1975 and the defendant admitted this violation. Subsequently, this court vacated the sentence of probation and resentenced defendant to an indeterminate sentence with a maximum of four years.
The defendant now seeks jail credit for the period of September 25, 1974 to March 17, 1975 when he was under the care and custody of the Drug Abuse Control Commission at Staten Island. It is his contention that since he was deprived of his liberty during the period of treatment, this time should be credited against his present sentence. The defendant cites People v Gilmore (37 AD2d 912) in support of this contention.
A review of Gilmore shows that the defendant in that case was originally sentenced to the Narcotic Addiction Control Commission for a period of 36 months on a misdemeanor. A short while thereafter, he was sentenced by a different court to a maximum term of up to four years for a felony and his stay at the drug facility was terminated. The Appellate Division ruled in that case that the interruption of the original sentence was unauthorized and ordered him to return to the care of the drug facility with "due credit for time already served” (People v Gilmore, pp 912-913, supra). The term "already served” referred to the time improperly spent at the State penal institution and not the drug facility. Subsequent cases have reaffirmed the doctrine that an inmate at a drug facility could not get jail credit for time served at such facility since such institution was not under the control of the Correction Department (People ex rel. Jones v Vincent, 45 AD2d 1044; Penal Law, § 70.30, subds 1, 2, 3).
In any event, defendant’s theory that he was deprived of his liberty could no longer have merit in view of the fact that subdivision 2 of section 60.03 of the Penal Law (eff April 9, 1974), specifically grants the court authority to place a defend *1098 ant on probation and permits drug treatment up to one year as a condition of such probation. Such sentence was imposed on the defendant; it is clear that he was placed on probation. It is equally clear that time spent on probation may not be credited to a subsequent jail sentence which was imposed as a result of violation of that probation (People v Johnson, 43 AD2d 878).
This being the case, defendant’s contention is without merit. He may not be credited with the period spent at the drug facility institution since this is part of his probation,