█ In the Matter of MICHAEL GUISEPPONE, Appellant, v BENJAMIN WARD, as Commissioner of Department of Correctional Services of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered August 23, 1978 in Albany County, which dis-missed petitioner's application in a proceeding pursuant to CPLR article 78 seeking to compel respondent to credit time in the custody of the Narcotic Addiction Control Commission pursuant to certification against a subse-quent sentence of imprisonment. On November 2, 1972, following a convic-tion of robbery in the third degree, the petitioner was sentenced to proba-tion and certified to the care and custody of the Narcotic Addiction Control Commission (NACC). After five and one-half months of in-custody treatment by NACC, the petitioner was released to after care treatment on April 15, 1973. On May 10, 1976, the petitioner, upon a conviction of robbery in the first degree, was sentenced to an indeterminate term of imprisonment of four and one-half years to nine years. This sentence was imposed concur-rently with the time owed due to violation of the November 2, 1972 sentence of probation and its second felony impact was based upon the prior robbery conviction. The appellant requested the Department of Correctional Services (department) to credit his five and one-half months of NACC custody against his minimum sentence. However, the department denied him such credit

and this article 78 proceeding ensued. Special Term found that custody by NACC is not the equivalent of time served in an institution of the department pursuant to section 70.30 of the Penal Law and, accordingly, petitioner was not entitled to credit against the concurrent term for such time. Upon this appeal, the petitioner does not dispute the holding of Special Term insofar as the statutory mandates of New York State are concerned (cf. *People ex rel. Jones v Vincent,* 45 AD2d 1044, 1045). The petitioner contends, however, that because anyone incarcerated in an institution under the control of the department is entitled to credit for time served on a prior sentence, the denial of credit to him for NACC custody is a denial of equal protection of the law, a constitutionally guaranteed right. The petitioner has failed to establish any constitutional prohibition to the exclusion of his NACC time in custody. *Matter of Balmer v New York State Bd. of Parole* (54 AD2d 979, affd 42 NY2d 939) is inapposite and the petitioner's urging that its reasoning is apposite by analogy is unpersuasive. The custody by NACC was one for treatment of the addiction of the petitioner and he was on probation during the time when he was subjected to inpatient treatment. It appears that there is a substantial reason for differentiating between custody with NACC and custody with the department for the purpose of crediting time served as imprisonment time (cf. *People ex rel. Wayburn v Schupf,* 39 NY2d 682, 687). Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.