OPINION OF THE COURT
David D. Egan, J.
In a case of apparent first impression, the petitioner seeks *445 jail time credit for time spent as home confinement as part of a probation sentence.
Petitioner pleaded guilty to the class E felony driving while intoxicated (indictment 869) and on March 24, 1986, was sentenced by Hon. John J. Connell to a six-month period of home confinement as part of a five-year period of probation. Thereafter, petitioner pleaded guilty to a violation of probation whereupon Judge Connell revoked the probation and sentenced petitioner to a definite term of one year in the Monroe County Jail. Petitioner had served 89 days in home confinement which has not been credited toward the one-year sentence by the jail officials.
The probation order, as it pertains to home confinement, provided, "that in lieu of 9 months in the Monroe County Jail, she shall be required to remain within the confines of her house or adjacent yard unless specific permission to leave same is granted by the Probation Dept., or: (b) to keep authorized drug/alcohol/mental health counseling or evaluation appointments, as approved by the Probation Officer, (c) medical or dental emergencies. Probation Officer to be notified as soon as practical, (d) to keep scheduled medical or dental appointments. Probation Officer to be notified at least one (1) day in advance, (e) Home confinement conditions of probation will begin on 3/28/86 and terminate on 9/22/86. When leaving her home, probationer shall carry this copy of the conditions of probation at all times. Probationer shall maintain telephone service to his/her residence until home confinement condition of probation terminates.” (Note: Condition [a] allowing travel to and from work by probationer was stricken from the order.) The purpose of telephone service is to enable the probation officer to call the probationer at various unpredicted times to verify that probationer is confined at home.
Penal Law § 70.30 (3) provides in part "[t]he term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence” (emphasis added). In 1964, former Penal Law § 2193 was revised changing "prison or jail” language to time spent "in custody”. The Practice Commentaries by Arnold D. Hechtman (McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.30, p 252), state that, "The new provision eliminates the enumeration of institutions contained in [the former statute] * * * makes it clear that *446 'jail time’ includes time spent in 'custody’ no matter where the time was spent.”
The petitioner contends that the time spent under home confinement is "in custody” time under Penal Law § 70.30 (3).
There is no statutory or case law available to indicate that the Legislature intended to classify probation restrictions as custodial confinement entitled to jail credit. Case law since the "in custody” language was enacted in 1964 indicates the opposite.
Time spent on probation requiring abstention from alcohol and restitution is not credited to a defendant’s definite sentence for violation of that sentence. (People v Johnson, 43 AD2d 878 [1974].) Where as a condition of probation the defendant was required to undergo in-patient treatment under care and custody of the Drug Abuse Control Commission (DACC), he was found not entitled to jail credit upon resentence for violation of probation. (Matter of Guiseppone v Ward, 70 AD2d 731 [1979]; People ex rel. Jones v Vincent, 45 AD2d 1044 [1974]; People v Chiominto, 86 Misc 2d 1096 [1976].)
A five-year probationary period is provided for a class E felony. (Penal Law § 65.00 [3].) Home confinement as part of probation is authorized by Penal Law § 65.10 (1).
"In general. The conditions of probation * * * shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so.
"2 * * * (e) Participate in an alcohol or substance abuse program or an intervention program approved by the court * * *
"(P Satisfy any other conditions reasonably related to his rehabilitation.” (Penal Law § 65.10 [1], [2] [e] [l].)
This court has routinely stated in its probation orders that home confinement was being utilized, "In order to intensively insure that the defendant will avoid alcohol and or drugs and lead a law-abiding life during the early portion of this probation.” The home confinement condition imposed by Judge Connell was reasonably related to the defendant’s rehabilitation.
Home confinement being a condition of probation, the petitioner is not entitled to jail time credit for the period of probation spent on home confinement and her request for relief must be denied. (See, People v Johnson, supra; Matter of *447 Guiseppone v Ward, supra; People ex rel. Jones v Vincent, supra; People v Chiominto, supra.)
This decision should not deter the State Legislature from reviewing the home confinement issue in view of changing technology and application of the home confinement or house arrest policies. For instance, in Florida, experimentation with house arrest is taking place with transmitters affixed to one leg of the prisoner with a companion monitor installed in the prisoner’s home phone. When the prisoner moves beyond a prescribed distance or attempts to tamper with either device, the monitor signals what is happening to a central computer and authorities can take corrective action. (See, 'Prisoners at Home’, Inevitable for Future? Fla Judge Thinks So, Rochester Daily Record, Jan. 1, 1985.) The Legislature may wish to express a precise attitude where the home confinement is utilized as a cost saving device for punishment as an alternative to incarceration in a penal institution. Some jurisdictions have held (contrary to New York) that time spent by an individual as a condition of probation in a rehabilitation or treatment program should be credited on his subsequent sentence if the program at issue imposed restraints severe enough to constitute custody. (See, Lock v State, 609 P2d 539 [Alaska 1980]; People v Sylvestry, 112 Cal App 3d Supp 1, 169 Cal Rptr 575 [1980]; People v Stange, 91 Mich App 596, 283 NW2d 806 [1979]; Commonwealth v Usher, 264 Pa Super Ct 435, 399 A2d 1129 [1979]; State v Wright, 354 NW2d 615 [Minn 1984].) In Lock v State (supra, p 543), the court said, "We think that under certain circumstances the restraints imposed as conditions of probation may be so substantial that the defendant is, in legal effect, 'in custody’ although on probation.”
Accordingly, the petitioner’s application is denied.