■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL MARRERO, Appellant.—Judgment, Supreme Court, New York County (Fritz Alexander, J., at plea; Brenda Soloff, J., at sentence), rendered on or about December 2, 1986, convicting defendant, after his guilty plea, of assault in the second degree and sentencing him to an indeterminate term of imprisonment of from 2⅓ to 7 years, unanimously modified, on the law, to the extent of reducing the sentence to an indeterminate term of from 2 to 6 years, and except as thus modified, affirmed.

On June 9, 1981, defendant drove his car into Ms. Laughlin, who suffered substantial injuries as a result of the accident. Defendant fled the scene but was subsequently arrested; he appeared to be intoxicated. After discussing the case with his attorney, defendant entered a guilty plea. At the plea proceeding, the court promised to impose a prison sentence of no more than 1 to 3 years. The court further stated that if defendant, who was at liberty pending sentence, was involved in a drunken driving charge between the date of the plea and sentencing, he would be sentenced to 2 to 6 years. Defendant responded that he understood. Between the date of his plea and sentencing, defendant was arrested twice for crimes involving drunken driving. Defendant did not appear for sentence, as originally scheduled, and had to be returned on a

warrant. The sentencing court imposed an indeterminate prison sentence of from 2⅓ to 7 years. We modify to conform the sentence to the promise and otherwise affirm.

Defendant claims that he was denied the effective assistance of counsel because of numerous alleged omissions and errors by his attorney. While a direct appeal from a judgment of conviction is not normally the appropriate procedural mechanism for such a claim (see, People v Jones, 55 NY2d 771, 773), the record sufficiently demonstrates that defendant's attorney provided competent and effective representation. (See, People v Baldi, 54 NY2d 137, 147.)

Defendant also claims that he does not speak English, that he did not understand the rights he waived at the plea proceeding and that his plea should therefore be vacated. This claim is unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to exercise our interest of justice jurisdiction to address it. Were we, however, to review the claim, we nonetheless would affirm. Defendant's assertion that he does not understand English is belied by the record; indeed, it is clear that he understood the rights he was waiving. Thus, the conviction should be affirmed.

Since, however, the sentencing court failed to adhere to the plea-taking court's promise, we modify the sentence to conform to the promise. A sentence of 2 to 6 years is more than justified given the serious nature of the crime and in light of defendant's two subsequent arrests for drunk driving crimes after his license had been revoked. Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.