■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN G. SAWINSKI, Appellant. [742 NYS2d 690] —Mugglin, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 16, 1998, which revoked defendant's probation and imposed a sentence of imprisonment.

Following his conviction for two felony counts of driving while intoxicated, defendant was sentenced to 180 days in jail and five years' probation. As a condition of probation, defendant was required to wear an electronic monitoring device for a period of 180 days. On appeal, we held that "County Court's imposition of electronic monitoring as a condition of probation for nonrehabilitative purposes was improper" (*People v Sawinski*, 246 AD2d 689, 692, *lv denied* 91 NY2d 930).

While on probation, defendant was arrested for unlawful possession of a hypodermic instrument and criminal possession of a controlled substance in the seventh degree and, shortly thereafter, tested positive for controlled substances. As a result, defendant was charged with violating the conditions of his probation. On the date scheduled for a hearing concerning the declaration of delinquency, defendant sought recusal of the County Judge, replacement of his assigned counsel and dismissal of the declaration of delinquency, asserting that he should not have been on probation at the time of the alleged offense. After County Court refused to recuse itself and to

dismiss the declaration of delinquency, defendant opted to proceed by admitting that portion of the declaration which alleged testing positive for illicit substances. Defendant's probation was vacated and County Court sentenced him to an indeterminate term of imprisonment of 1 to 4 years. Defendant appeals.

Defendant's principal argument is based on Penal Law § 60.01 (2) (d). In accordance with that statute, following a felony conviction, if a defendant is not sentenced to imprisonment in excess of six months, he or she may also be placed on probation. Since defendant served six months in jail and wore the electronic monitoring device for four months before this Court vacated that portion of his sentence, he argues that he was actually in custody for 10 months, rendering his probation sentence illegal.

We are unpersuaded that a period of electronic monitoring, imposed as a condition of probation, is the equivalent of jail time (see, Matter of Guiseppone v Ward, 70 AD2d 731, appeal dismissed 47 NY2d 1011; People v Johnson, 43 AD2d 878; People ex rel. Kornaker v Meloni, 134 Misc 2d 444, affd 134 AD2d 868, lv denied 70 NY2d 616). Accordingly, we find that defendant was serving a valid sentence of probation when arrested for the drug offenses.

Next, defendant's contention that his plea to the declaration of delinquency was not knowing, voluntary and intelligent was not preserved for review by an application to withdraw his plea of guilty or a motion to vacate the judgment of conviction (see, People v Bryant, 262 AD2d 791; People v Fuller, 245 AD2d 987, lv denied 91 NY2d 941). Nor do we find a basis upon which to exercise our interest of justice jurisdiction to reverse on this issue (see, CPL 470.15 [6]). After an initial request for an evidentiary hearing, defendant, having been given an adequate period within which to consult his attorney and in the presence of his attorney, withdrew the request and admitted the violation of probation. Contrary to defendant's present assertion, County Court was not required to conduct a ritualistic explanation of each of the constitutional rights he relinquished by the plea (see, People v Harris, 61 NY2d 9, 16-19). Moreover, the issue at the violation of probation hearing is not whether defendant committed a subsequent crime, but only whether he violated a condition of his probation, an issue which does not implicate to the same degree the procedural safeguards normally available in a criminal action (see, People v Recor, 209 AD2d 831, 831-832, affd 87 NY2d 933).

Next, we find no merit in defendant's claim that he should

have been resentenced following our previous decision. When we vacated the electronic monitoring condition, we did not remit the matter to County Court for further proceedings or for resentencing. Moreover, the record belies defendant's claim that County Court failed to consider the legality of his sentence of probation before accepting his plea to having violated its terms. In this regard, there is no merit to defendant's present contention that he was denied the right to effective assistance of counsel because his attorney failed to challenge the legitimacy of his sentence of probation. Our review of the record clearly demonstrates that counsel presented this issue to County Court (despite his misgivings as to the efficacy of such claim) and the court ruled with respect thereto.

Finally, defendant's indeterminate sentence of imprisonment is neither harsh nor excessive. In the absence of a clear abuse of discretion or the existence of extraordinary circumstances (*see, People v Smith,* 141 AD2d 988, 989), a sentence imposed in the sound discretion of a trial court will not be disturbed. The sentence imposed is within the prescribed range for the crime committed and was entirely proper in view of defendant's prior criminal record, which included alcohol and drug-related offenses.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.