■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE W. BANKS, Appellant. [761 NYS2d 114] —Cardona, P.J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered March 28, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

In July 1996, following his conviction of burglary in the third degree, defendant was sentenced to a five-year period of probation. On January 18, 2000, he was charged with violating the terms of that probation after he pleaded guilty to unlawfully possessing marihuana on August 2, 1999. On February 15, 2000, he was again charged with violating his probation by allegedly committing the crimes of burglary in the second degree and criminal contempt in the second degree on February 12, 2000. The second violation of probation report superceded the first and referenced the August 2, 1999 incident, as well as the February 12, 2000 incident. During proceedings before County Court on February 22, 2000, defendant admitted to violating certain of the terms of his probation. Thereafter, his probation was revoked and he was resentenced to 2 to 6 years in prison.

Initially, insofar as defendant has not moved to withdraw his plea of guilty to the violation petition or vacate the judgment of conviction, his challenge to the voluntariness of the plea is not preserved for our review (*see People v Sawinski*, 294 AD2d 667, 668 [2002], *lv denied* 98 NY2d 701 [2002]). In any event, we find no reason to exercise our interest of justice jurisdiction and reverse the judgment of conviction on that basis (*see id.* at 668). The record discloses that County Court adequately informed defendant of the legal rights he would be relinquishing by his admissions and defendant responded that he understood them. He stated that he was not under the influence of drugs or alcohol, was making his admission upon the advice of counsel and no unlawful tactics were used to obtain it. Any confusion expressed by defendant during the proceedings was addressed by County Court. Therefore, we decline to disturb his plea (*see People v Gagnon*, 245 AD2d 593 [1997], *lv denied* 91 NY2d 925 [1998]).

Likewise, we are unpersuaded by defendant's claim that his plea allocution was insufficient. One of the conditions of defendant's probation was that he abide by the laws of New York. Defendant admitted to unlawfully possessing marihuana, a crime to which he had previously pleaded guilty. The fact that other charges were disposed of in connection with the plea does not render the allocution deficient.

Mercure, Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.