■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO DIAZ, Appellant. [808 NYS2d 565]—

Mercure, J. Appeal from a judgment of the County Court of

Saratoga County (Scarano, Jr., J.), rendered September 22, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was sentenced to 10 years probation upon his conviction of rape in the second degree. Defendant subsequently admitted that he violated the terms of his probation by absconding from supervision and failing to appear for appointments with his probation officer as directed. County Court revoked defendant's probation and imposed a prison sentence of 2 to 6 years. Defendant appeals and we now affirm.

Initially, defendant's argument that his plea was not voluntary, intelligent and knowing is not preserved for our review due to his failure to move to vacate the judgment or withdraw his plea of guilty (*see People v Banks*, 305 AD2d 812, 812 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Sawinski*, 294 AD2d 667, 668 [2002], *lv denied* 98 NY2d 701 [2002]; *People v Lu Yang Tong*, 238 AD2d 607, 607 [1997], *lv denied* 90 NY2d 941 [1997]). Furthermore, this claim is unavailing. Contrary to defendant's contentions, County Court was not required to specifically enumerate each right he was relinquishing by admitting to the violation (*see People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Sawinski, supra* at 668). Rather, the court adequately advised defendant that he was entitled to a hearing and gave him an opportunity to confer with counsel when he expressed some uncertainty during the plea proceeding (*see People v Banks, supra* at 812; *People v Sawinski, supra* at 668; *see also People v Recor*, 209 AD2d 831, 831-832 [1994], *affd* 87 NY2d 933 [1996]). Moreover, defendant's claim that he did not understand the proceedings because he does not speak English is belied by the record and, in any event, defendant was afforded an interpreter during the plea proceeding (*see People v Medina*, 249 AD2d 694, 694 [1998]; *People v Lu Yang Tong, supra* at 607; *People v Marrero*, 162 AD2d 419, 420 [1990], *lv denied* 77 NY2d 879 [1991]). Likewise, we are not persuaded that the sentence imposed was harsh and excessive.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.