THIRD DEPARTMENT, OCTOBER, 2010

(October 7, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON P. RUDDY, Appellant. [910 NYS2d 564]—

McCarthy, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered May 12, 2008, which resentenced defendant upon his plea of guilty of the crime of burglary in the third degree.

The relevant facts are fully set forth in our prior decision in this matter (*People v Ruddy*, 51 AD3d 1134 [2008], *lv denied* 12 NY3d 787 [2009]). Briefly, defendant pleaded guilty in 2005 to burglary in the third degree and was sentenced to time served plus five years of probation. The terms of defendant's plea included his compliance with conditions imposed by the

Saratoga County Drug Treatment Court, failing which he would be resentenced to a prison term of 2¹/₃ to 7 years. After twice violating that agreement, defendant was resentenced as promised. Upon appeal, we found the sentence imposed to be invalid due to the People's failure to timely file a predicate felony statement, vacated the sentence and remitted the matter to County Court to either "permit defendant to withdraw his plea or ensure that defendant receives the benefit of his bargain by imposing a sentence with a minimum term of no greater than 2¹/₃ years" (*id.* at 1135). Upon remittal, County Court resentenced defendant to a prison term of 2 to 4 years with a credit for "time served." Defendant now appeals, contending that he should have received credit for time spent in an inpatient rehabilitation program.*

We affirm. Preliminarily, to the extent that defendant contends that County Court erred in denying his motion to withdraw his plea, we need note only that defendant was resentenced in compliance with the terms of this Court's remittal and that the sentence imposed afforded defendant the benefit of his initial plea bargain (*see People v McConnell*, 49 NY2d 340, 346 [1980]; *People v Sheils*, 288 AD2d 504, 505-506 [2001], *lv denied* 97 NY2d 733 [2002]). Under such circumstances, we cannot say that County Court erred in denying defendant's motion to withdraw his plea.

Nor are we persuaded that defendant is entitled to a credit for the time he spent in an inpatient rehabilitation program. The case law makes clear that a defendant is not entitled to a jail time credit for time spent on probation (*see People v Gilmore*, 63 AD2d 45 [1978]; *People ex rel. Robinson v Warden*, 58 AD2d 559 [1977], *lvs dismissed* 42 NY2d 810, 1051 [1977]; *People v Johnson*, 43 AD2d 878 [1974]). Further, time spent in an inpatient rehabilitation program for the purpose of receiving treatment is not the functional equivalent of being "in custody" and, hence, is not properly included when computing a credit for time served (*see Matter of Guiseppone v Ward*, 70 AD2d 731 [1979], *appeal dismissed* 47 NY2d 1011 [1979]; *compare Matter of Lawson v Drug Abuse Control Commn.*, 50 AD2d 1019 [1975]). Accordingly, County Court properly concluded that defendant was not entitled to the requested credit.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

* After filing his notice of appeal, defendant moved to set aside the sentence pursuant to CPL 440.20. County Court denied this application, as well as defendant's subsequent motion for reconsideration. As defendant has not sought permission to appeal those determinations, the propriety of the denial of those applications is not before us.