■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. POWERS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered June 30, 1986, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant was indicted for rape in the first degree (two counts), sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts). The victims were the 10- and 9-year-old daughters of a woman who had moved into defendant's home in October 1984. The crimes were alleged to have been committed in April 1985 but were not revealed by the girls until January 1986. After defendant's arraignment on the indictment, a preplea investigation report was authorized. Upon its receipt by County Court, a conference was held on May 14, 1986. At the conference, the District Attorney offered a plea of rape in the first degree in full satisfaction of the indictment, and the court indicated that it would impose a prison sentence of 2 to 6 years. Defendant entered such plea, but his sentencing was postponed upon his motion for an adjournment. Prior to imposing sentence, County Court advised that it could not in good conscience sentence defendant as previously indicated, but would instead impose a prison term of 4 to 12 years, with defendant given the option of withdrawing his previous plea. Defendant refused to withdraw and insisted that the sentence originally indicated be imposed. The court refused to be so bound and imposed a sentence of 4 to 12 years.

In our view, County Court was bound to fulfill its original promise as to sentencing. Commendably, the District Attorney concedes as much. Without new facts or information to warrant a harsher sentence, and absent fraud, a court is bound by its original sentencing proposal (People v Jones, 99 AD2d 1, 3). Accordingly, defendant is entitled to specific performance of a prison sentence of 2 to 6 years.

Judgment modified, on the law, by reducing the sentence imposed to an indeterminate prison term of not less than 2 years nor more than 6 years, and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.