■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAY RHODES, Appellant.—Appeal from a judgment of the Supreme Court (Harris, J.), rendered June 21, 1990 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant claims that when he first appeared for the pur-

pose of pleading guilty to the crime of burglary in the second degree, with a promised prison sentence of 3 to 6 years, the trial court improperly withdrew its consent to the plea and defendant is therefore now entitled to specific performance of the agreement. However, this principle does not apply in this case insofar as defendant never entered a plea of guilty at that time and never acted to his detriment in reliance upon that plea bargain *(cf., People v McConnell,* 49 NY2d 340; *People v Powers,* 134 AD2d 736). We also reject defendant's claim that the court erred in denying his motion, made at the time of sentencing, to withdraw his subsequent plea of guilty to attempted burglary in the second degree. The record shows that defendant was afforded a "reasonable opportunity to present his contentions" and that the court was able to make an informed decision on the basis of the evidence before it *(People v Tinsley,* 35 NY2d 926, 927; *see, People v Frederick,* 45 NY2d 520). At the time he pleaded guilty to attempted burglary, defendant was specifically told that he could receive a prison sentence of 3½ to 7 years, which was in fact the sentence ultimately imposed. Accordingly, his contention that he should have received a 3 to 6-year sentence is rejected.

Judgment affirmed. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.