◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. SIMMONS, Appellant.—Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered November 14, 1990 in Broome County, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Defendant was initially offered a plea bargain in which he would have been allowed to plead guilty to the crime of attempted rape in the first degree in full satisfaction of a four-count indictment and be sentenced, if found to be a second felony offender, to a term of imprisonment of 3 to 6 years. Defendant rejected this bargain and the case was scheduled for trial. Subsequently, defendant was offered the same bargain with the exception that the term of imprisonment was increased to 4 to 8 years. Defendant accepted this plea bargain, pleaded guilty to attempted rape in the first degree and was sentenced to the agreed-upon term of imprisonment.

Defendant essentially argues that this Court should in the interest of justice enforce the initial plea bargain, citing *People v Powers* (134 AD2d 736). In *Powers,* the defendant pleaded guilty with the understanding that County Court would impose an agreed-upon term of imprisonment. We held

that County Court was bound by its original sentencing agreement absent fraud or new facts warranting a harsher sentence *(supra).* Here, however, defendant rejected the initial plea offer and ultimately accepted the second offer without reliance upon the prior offer; he therefore is not entitled to specific performance of the first offer *(see, People v Johnson,* 181 AD2d 832, *lv denied* 80 NY2d 833).

Further, we decline to reduce defendant's sentence in the interest of justice. The record indicates that defendant, who has a prior criminal record, was allowed to plead guilty to the crime of attempted rape in the first degree in full satisfaction of a four-count indictment and was sentenced in accordance with the plea bargain to less than the harshest possible sentence. Given these facts, as well as the lack of reliance upon the initial plea offer and the absence of any evidence that defendant's plea was not knowing and voluntary, we find no reason to disturb the sentence imposed by County Court *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899). We have considered defendant's other arguments and find them to be without merit.

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.