People v Thomas (2018 NY Slip Op 01100)





People v Thomas


2018 NY Slip Op 01100


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

108231

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GAVIN THOMAS, Appellant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Dennis J. Lamb, Troy, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 30, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. At sentencing, defendant made a pro se motion to withdraw his plea, claiming that he was confused as to why a prior, more favorable plea agreement had been withdrawn. County Court denied the motion and sentenced defendant as a second violent felony offender, in accordance with the plea agreement, to a prison term of six years, followed by three years of postrelease supervision, the sentence to run concurrently with a sentence he was currently serving. Defendant appeals.
Initially, a review of the plea colloquy establishes that defendant's waiver of the right to appeal was valid inasmuch as County Court specifically advised defendant of the separate and distinct nature of the appeal waiver, which defendant, both verbally and by executing a written appeal waiver, acknowledged he understood (see People v Gray, 152 AD3d 1068, 1069 [2017], lv denied 30 NY3d 980 [2017]; People v Pixley, 150 AD3d 1555, 1556-1557 [2017], lv denied 30 NY3d 952 [2017]). Defendant's challenge to the voluntariness of the guilty plea, however, is not precluded by his waiver of appeal and has been preserved by his unsuccessful motion to withdraw his guilty plea (see People v Gray, 152 AD3d at 1070; People v Massia, 131 AD3d [*2]1280, 1281 [2015], lv denied 26 NY3d 1041 [2015]). Nevertheless, we find defendant's contention to be without merit. The plea colloquy establishes that defendant was aware that the prior plea bargain had been withdrawn. Defendant unequivocally acknowledged that he understood the terms of the plea agreement, understood the consequences of entering a guilty plea, had enough time to discuss the matter with counsel and was not being coerced into accepting the plea agreement (see People v Brown, 154 AD3d 1004, 1006-1007 [2017]). Nothing in the plea colloquy reflects any confusion on the part of defendant regarding the nature of the plea agreement. As such, we are satisfied that defendant's plea was knowingly, voluntarily and intelligently entered (see id. at 1007; People v McGowan, 117 AD3d 1202, 1202 [2014]).
To the extent that defendant seeks specific performance of the initial, more favorable plea offer that was withdrawn, we find that "this principle does not apply in this case insofar as defendant never entered a plea of guilty [in connection with the initial plea offer] and never acted to his detriment in reliance upon that plea [offer]" (People v Rhodes, 172 AD2d 936, 937 [1991], lv denied 78 NY2d 973 [1991]). Notably, the fact that defendant waived a suppression hearing at the time of the initial plea offer did not prejudice defendant inasmuch as he subsequently accepted the instant plea offer and such waiver of suppression issues is a consequence, not a condition, of a plea (see People v Weldon, 154 AD3d 1009, 1010 [2017]; People v White, 300 AD2d 830, 832 [2002], lv denied 99 NY2d 633 [2003]). Defendant's remaining contentions, including that he received ineffective assistance of counsel, have been reviewed and found to be lacking in merit.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.