■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEMARIE NEWCOMB, Appellant. [844 NYS2d 489]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 5, 2006 in Albany County, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

As a result of an investigation into money being stolen from her employers, defendant was charged with grand larceny in the third degree, identity theft in the first degree and criminal possession of a forged instrument in the second degree. A suppression hearing was ultimately held to determine the admissibility of four statements that defendant made to police over a two-week period. County Court (Herrick, J.) denied defendant's motion to suppress and defendant thereafter pleaded guilty

before Supreme Court (Lamont, J.) to the reduced charge of attempted criminal possession of a forged instrument in the second degree. Having been previously convicted of grand larceny in the third degree in 1996, defendant was sentenced as a second felony offender to a prison term of 1½ to 3 years.

Initially, we agree with defendant's contention that her waiver of the right to appeal was not valid, as the record reveals that defendant did not understand that her right to appeal was "separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Edwards*, 37 AD3d 871, 872 [2007], *lv denied* 8 NY3d 945 [2007]; *People v Cain*, 29 AD3d 1157, 1157 [2006]).* Consequently, her contentions that her motion to suppress was improperly denied, her plea was not knowing and voluntary and her sentence is harsh and excessive are properly before us (*see People v Qasem*, 39 AD3d 960, 961 [2007];

Defendant next contends that the police used deceptive tactics during the course of their investigation such that her statements, any evidence obtained from the eavesdropping authorizations and the search waiver should have been suppressed. "Deceptive police stratagems in securing a statement 'need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession' " (*People v Dishaw*, 30 AD3d 689, 690 [2006], *lv denied* 7 NY3d 787 [2006], quoting *People v Tarsia*, 50 NY2d 1, 11 [1980]; *accord People v Serrano*, 14 AD3d 874, 875 [2005], *lv denied* 4 NY3d 803 [2005]). The testimony at the suppression hearing fails to reveal any deception on the part of the police such that defendant was denied due process (*see People v Lussier*, 298 AD2d 763, 763-764 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Short*, 208 AD2d 1047 [1994], *lv denied* 85 NY2d 866 [1995]; *People v Jackson*, 143 AD2d 471, 473 [1988]). The evidence further establishes that defendant was not in custody when she made these statements as she voluntarily went to the police station, she was not handcuffed nor was she prevented from leaving (*see People v Thomas*, 21 AD3d 643, 644 [2005], *lv denied* 6 NY3d 759 [2005]; *People v Lyons*, 4 AD3d 549, 551-552 [2004]; *People v Finkle*, 192 AD2d 783, 786 [1993], *lv denied* 82 NY2d 753 [1993]). Even if she were in custody, she was given *Miranda* warnings prior to her statements, after which she waived those

---

* Defendant's plea occurred one month prior to the Court of Appeals' decision in *People v Lopez* (6 NY3d 248 [2006]), which clarified the importance of distinguishing the waiver of the right to appeal from other rights a defendant surrenders upon a plea of guilty.

rights and spoke with police (*see People v Serrano*, 14 AD3d at 875; *People v Petrie*, 3 AD3d 665, 666 [2004]; *People v Doherty*, 305 AD2d 867, 867 [2003], *lv denied* 100 NY2d 580 [2003]). As such, County Court did not err in denying her suppression motion.

With respect to defendant's claim that her plea was not knowing, intelligent and voluntary, a defendant need not be advised of every specific right to which he or she is waiving as a result of a guilty plea, as long as the defendant sufficiently understands the consequences of the plea and enters it voluntarily (*see People v Harris*, 61 NY2d 9, 16-17, 18-19 [1983]; *People v Diaz*, 26 AD3d 644, 645 [2006], *lv denied* 7 NY3d 755 [2006]; *People v Sawinski*, 294 AD2d 667, 668 [2002], *lv denied* 98 NY2d 701 [2002]). Here, although Supreme Court did not separately set forth all of the trial rights that defendant would be forfeiting should she plead guilty, it did explain the elements of the crime to which she was pleading and she was informed that, by pleading guilty, she waived her right to a speedy trial and her right to a jury trial. In addition, defendant acknowledged that she was satisfied with her attorney, who had discussed her "legal rights and constitutional rights and any possible defense that [she] may have to these charges," and she was entering her plea voluntarily. In these circumstances, we find that defendant's plea was knowing, voluntary and intelligent.

Finally, defendant's challenge that her sentence is harsh and excessive is unavailing as she received the minimum possible sentence for a second felony offender convicted of a class E felony (*see* Penal Law § 70.06 [3] [e]; [4] [b]; *People v Williams*, 35 AD3d 971, 973 [2006], *lv denied* 8 NY3d 928 [2007]).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.