■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIAH WATERS, Also Known as EIGHT, Appellant. [914 NYS2d 781]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered October 2, 2008, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

In satisfaction of an 11-count indictment, defendant pleaded guilty to murder in the second degree and waived his right to appeal. Prior to sentencing, he moved to withdraw his plea, claiming that it was not knowingly, intelligently and voluntarily entered because he was coerced by counsel into accepting it and did not understand its terms. County Court denied the motion and sentenced defendant, in accordance with the plea agreement, to 20 years to life in prison. He now appeals, and we affirm.

Initially, the People concede that defendant's claims survive the waiver of appeal and are preserved by virtue of his motion to withdraw the plea (*see People v Mitchell*, 73 AD3d 1346, 1347 [2010]; *People v Greathouse*, 62 AD3d 1212, 1213 [2009], *lv denied* 13 NY3d 744 [2009]). Such a motion, however, is left to the sound discretion of the trial court and, generally, a plea may not be withdrawn unless there is some evidence of innocence, fraud or mistake in the inducement (*see People v Shovah*, 67 AD3d 1257, 1258 [2009], *lv denied* 14 NY3d 773 [2010]; *People v Carmona*, 66 AD3d 1240, 1241 [2009], *lv denied* 14 NY3d 799 [2010]).

Here, the record reveals that County Court engaged in a detailed plea colloquy during which defendant repeatedly expressed understanding of the terms of the plea agreement, indicated that he had discussed it thoroughly with his counsel and was satisfied with his services, declined the opportunity to consult further with counsel and denied receiving any threats, promises or pressure to plead guilty. Also, contrary to defendant's contention, his allocution did not raise the possibility of a justification defense. Defendant stated that he chased the victim and, with the intent to cause his death, fired a .22 caliber weapon at him numerous times. Viewing the allocution in its entirety, it is clear that defendant's motive was retaliation, not self-defense. Accordingly, we conclude that County Court properly denied the motion to withdraw the guilty plea without a hearing (*see People v Johnson*, 77 AD3d 986 [2010]; *People v First*, 62 AD3d 1043, 1044 [2009], *lv denied* 12 NY3d 915 [2009]). Finally, defendant's challenge to his sentence as harsh and excessive is precluded by his valid waiver of appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Thomas*, 71 AD3d 1231, 1233 [2010], *lv denied* 14 NY3d 893 [2010]).

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.