Mercure, J.P.
Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered June 3, 2011, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to assault in the second degree in full satisfaction of a five-count indictment, and was to be sentenced to a prison term of two years to be followed by three years of postrelease supervision. Prior to sentencing, defendant moved pro se to withdraw his guilty plea, alleging that it was the result of duress. County Court denied defendant’s motion without a hearing and sentenced him as agreed. Defendant now appeals.
Whether a defendant should be permitted to withdraw his or her guilty plea is a determination that rests within the sound discretion of the trial court, and a hearing is warranted only in rare instances (see People v Hayes, 71 AD3d 1187, 1188 [2010], lv denied 15 NY3d 852 [2010]; People v Wyant, 47 AD3d 1068, 1069 [2008], lv denied 10 NY3d 873 [2008]). Generally, a plea may not be withdrawn absent evidence of innocence, fraud or mistake in the inducement (see People v Waters, 80 AD3d 1002, 1003 [2011], lv denied 16 NY3d 858 [2011]; People v Carmona, 66 AD3d 1240, 1241 [2009], lv denied 14 NY3d 799 [2010]). Here, the record reflects that defendant’s plea was informed and voluntary. County Court fully admonished defendant of the rights he was forfeiting by pleading guilty and stressed that he was under no obligation to enter the plea. Defendant affirmed that he understood and wanted to proceed with the plea. Moreover, County Court engaged defendant in a thorough factual allocution whereby he unequivocally admitted to conduct constituting the crime of assault in the second degree as charged in the indictment. Inasmuch as nothing in the record casts doubt upon defendant’s guilt and defendant’s postplea assertions of innocence and undue pressure from counsel are wholly unsubstantiated, County Court properly denied the motion to withdraw the plea without a hearing (see People v Waters, 80 AD3d at 1003; People v Shovah, 67 AD3d 1257, 1258 [2009], lv denied 14 NY3d 773 [2010]; People v Carmona, 66 AD3d at 1241). Finally, counsel’s failure to join in the motion to withdraw the plea did not require County Court to assign new counsel (see People v Murray, 25 AD3d 911, 912 [2006], lv denied 6 NY3d 896 [2006]; People v Lindsey, 283 AD2d 782, 782 [2001], lv denied 96 NY2d 940 [2001]).
Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.