THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALCIBIADE GALVAN, Appellant. [966 NYS2d 286]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered February 22, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

Defendant was charged with two counts of criminal possession of a weapon in the second degree in a joint indictment filed against him and his codefendant. In satisfaction of both counts, defendant pleaded guilty to the count charging him pursuant to Penal Law § 265.03 (3), with the understanding that he would be sentenced to a prison term no longer than four years. Thereafter, defendant moved pro se to withdraw his plea based upon the alleged ineffectiveness of counsel. County Court denied defendant's motion and sentenced him to a prison term of 3½ years followed by three years of postrelease supervision. Defendant now appeals.

Whether a defendant should be permitted to withdraw his or her plea rests within the sound discretion of the trial court and, generally, such a motion should not be granted absent a showing of innocence, fraud or mistake in the inducement (*see People v Arnold*, 102 AD3d 1061, 1062 [2013]; *People v Waters*, 80 AD3d

1002, 1003 [2011], *lv denied* 16 NY3d 858 [2011]). The record here reflects that, at the time of his plea, defendant fully understood the consequences of his plea (*see People v Newcomb*, 45 AD3d 890, 892 [2007]) and he was aware of the existence of the potential defense of temporary and lawful possession (*see People v Almodovar*, 62 NY2d 126, 130 [1984]). During the plea colloquy, defendant indicated that he had not been coerced into entering a guilty plea, that all of his questions had been answered by counsel and County Court, and that he was entering the plea because he believed it to be in his best interest. Defendant also admitted to facts sufficient to establish the crime of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [3]). Accordingly, we find that defendant's guilty plea was knowing and voluntary and the court properly denied his motion to withdraw it (*see People v Arnold*, 102 AD3d at 1062; *People v Little*, 92 AD3d 1036, 1037 [2012]; *People v Royal*, 32 AD3d 1081, 1082 [2006]). Additionally, based upon the record before us, it is apparent that defense counsel discussed potential defenses with defendant, sought appropriate pretrial hearings and secured a favorable plea bargain. Thus, we find that defendant was afforded meaningful representation (*see People v Royal*, 32 AD3d at 1082; *People v Stone*, 9 AD3d 498, 499 [2004], *lv denied* 3 NY3d 712 [2004]; *People v Henning*, 2 AD3d 979, 980 [2003], *lv denied* 2 NY3d 740 [2004]).

Peters, P.J., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.