Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 7, 2012, convicting defendant upon his plea of guilty of the crimes of arson in the second degree, attempted rape in the first degree and sexual abuse in the first degree.
Pursuant to a negotiated plea agreement that resolved two indictments and other pending misdemeanor charges against him, defendant pleaded guilty to arson in the second degree, attempted rape in the first degree and sexual abuse in the first degree. Prior to sentencing, defendant sent a letter to County Court expressing his desire to withdraw his plea — contending that he was innocent, that defense counsel had pressured him to plead guilty and that he had not been provided with meaningful representation. Following a detailed colloquy with defend *1070 ant, County Court denied the motion and thereafter sentenced defendant upon each count, as promised, to five years in prison followed by five years of postrelease supervision — said sentences to run concurrently. Defendant now appeals.
We affirm. “The decision to permit withdrawal of a guilty plea is a matter within the trial court’s sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness” (.People v Carbone, 101 AD3d 1232, 1234 [2012] [internal quotation marks and citations omitted]; see People v Galvan, 107 AD3d 1058, 1058 [2013], lv denied 21 NY3d 1042 [2013]). Here, the plea colloquy reflects, among other things, that County Court apprised defendant of the consequences of his plea and that defendant, in turn, evidenced his understanding of the terms of the plea agreement, freely admitted his guilt and indicated that he was both satisfied with counsel’s services and had been afforded sufficient opportunity to confer with counsel prior to entering his plea. “Inasmuch as nothing in the record casts doubt upon defendant’s guilt and defendant’s postplea assertions of innocence and undue pressure from counsel are wholly unsubstantiated, County Court properly denied the motion to withdraw the plea without a hearing” (People v Arnold, 102 AD3d 1061, 1062 [2013] [citations omitted]; see People v Hoyt, 106 AD3d 1340, 1340 [2013]; People v Herringshaw, 83 AD3d 1133, 1133-1134 [2011]).
To the extent that defendant contends that County Court failed to apprise him of his right to remain silent prior to accepting his plea upon the sex crimes, we note that defendant’s motion to withdraw his plea was not premised upon this ground and there is no indication that defendant moved to vacate the judgment of conviction. Accordingly, this argument is not preserved for our review (see People v Dame, 100 AD3d 1032, 1033 [2012], lv denied 21 NY3d 1003 [2013]; People v Escalante, 16 AD3d 984, 984-985 [2005], lv denied 5 NY3d 788 [2005]). In any event, “a defendant need not be advised of every specific right to which he or she is waiving as a result of a guilty plea, as long as the defendant sufficiently understands the consequences of the plea and enters it voluntarily” (People v Newcomb, 45 AD3d 890, 892 [2007]; see People v Diaz, 26 AD3d 644, 645 [2006], lv denied 7 NY3d 755 [2006]). Finally, given that defendant’s motion was premised upon “conclusory and unsupported allegations,” County Court did not abuse its discretion in declining to assign defendant new counsel on his motion to withdraw his plea (People v Trombley, 91 AD3d 1197, 1202 [2012], lv denied 21 NY3d 914 [2013]; see People v Murray, 25 AD3d 911, 912 [2006], lv denied 6 NY3d 896 [2006]).
*1071 Stein, J.E, McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.