McCarthy, J.
*928 We affirm. While defendant asserted a variety of arguments in his motion to withdraw the guilty plea, he appears to solely contend here that he received the ineffective assistance of counsel during the plea proceedings. “Whether a defendant should be permitted to withdraw his or her plea rests within the sound discretion of the trial court and, generally, such a motion should not be granted absent a showing of innocence, fraud or mistake in the inducement” (People v Galvan, 107 AD3d 1058, 1058 [2013] [citation omitted], lv denied 21 NY3d 1042 [2013]; see People v Arnold, 102 AD3d 1061, 1062 [2013]). Defendant chose to represent himself after being fully informed by the court that he would not be permitted hybrid representation, i.e., to proceed pro se and also have standby counsel at the table to advise him (see People v Rodriguez, 95 NY2d 497, 501 [2000]; People v Mirenda, 57 NY2d 261, 265 [1982]). In any event, defendant acknowledged that he had discussed the plea offer with standby counsel to his satisfaction. The record reveals that defendant entered a knowing, intelligent and voluntary guilty plea and, thus, his application to withdraw his plea was properly denied.
Defendant’s contentions regarding his suppression motion, which he withdrew before a decision could be rendered upon it, are precluded by his valid guilty plea and appeal waiver (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Morrison, 106 AD3d 1201, 1202 [2013]). His arguments regarding the ineffective assistance of counsel outside of the plea context are similarly barred by his appeal waiver (see People v Trombley, 91 AD3d 1197,1201 [2012], lv denied 21 NY3d 914 [2013]; People v Santos-Rivera, 86 AD3d 790, 791 [2011], lv denied 17 NY3d 904 [2011]). Defendant’s remaining assertion that County Court lacked jurisdiction over this proceeding, while properly before us, has been examined and found to lack merit.
*929 Peters, P.J., Rose and Garry, JJ., concur. Ordered that the judgment is affirmed.