## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 10, 2014                    105655
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                   MEMORANDUM AND ORDER

MARCELLES HOWARD,
                        Appellant.
_____

Calendar Date:  May 28, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

_____

        Danielle Neroni Reilly, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Lahtinen, J.

        Appeal from a judgment of the County Court of Albany County
(Ceresia, J.), rendered February 1, 2013, convicting defendant
upon his plea of guilty of the crime of strangulation in the
second degree.

        In satisfaction of two pending indictments charging him
with assault in the third degree, attempted rape in the first
degree, strangulation in the second degree, unlawful imprisonment
in the first degree and criminal sale of a controlled substance
in the third degree, defendant pleaded guilty to one count of
strangulation in the second degree and waived his right to
appeal.  Defendant subsequently moved pro se to withdraw his
guilty plea and, objecting to the efficacy of assigned defense
counsel, requested that new defense counsel be appointed.  Both

applications were unsuccessful, and County Court imposed the agreed-upon sentence of five years in prison to be followed by three years of postrelease supervision.  Defendant now appeals, and we affirm.

Dealing first with the validity of the guilty plea, defendant admitted to choking the victim, but initially denied having the requisite intent to prevent her from breathing normally (see Penal Law §§ 121.11, 121.12).  Defendant then conferred with his attorney, however, and confirmed in response to County Court's questioning that he had adequately discussed the matter with his attorney and was ready to proceed.  Defendant then stated that he intended to prevent the victim from breathing normally by choking her and that she lost consciousness during the attack.  We are accordingly satisfied that County Court conducted a sufficient inquiry to address defendant's initial denial and confirm that his plea was a knowing, intelligent and voluntary one (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Mitchell, 112 AD3d 992, 994 [2013]; People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013]).  Our review of the plea colloquy further discloses that defendant understood the terms of the plea agreement and discussed it with defense counsel to his satisfaction and, as such, we perceive no abuse of discretion in the denial of defendant's motion to withdraw his plea without a hearing (see People v Alexander, 97 NY2d 482, 485-486 [2002]; People v Jerome, 98 AD3d 1188, 1188-1189 [2012], lv denied 20 NY3d 987 [2012]).

Defendant's claim that he received the ineffective assistance of counsel, which was preserved by his motion to withdraw the plea and is properly before us to the extent that it impacts the voluntariness of his plea, is nevertheless without merit (see People v Lydecker, 116 AD3d 1160, 1161 [2014]).  His assertion that counsel coerced him into pleading guilty is belied by his acknowledgment during the allocution that he understood the terms of the plea agreement and had not been pressured to enter into it.  Defendant further moved pro se to dismiss the indictment pursuant to CPL 30.30 and contends that counsel was ineffective by failing to prepare such a motion, as well as by the general lack of interaction between the two prior to plea negotiations.  It suffices to say, however, that "there is

nothing in the record to suggest . . . that [these issues] affected his decision to plead guilty" (People v Pierce, 38 AD3d 262, 263 [2007], lv denied 8 NY3d 989 [2007]; see People v Trombley, 91 AD3d 1197, 1200-1201 [2012], lv denied 21 NY3d 914 [2013]; People v Lane, 1 AD3d 801, 803 [2003], lv denied 2 NY3d 742 [2004]; cf. People v Devino, 110 AD3d 1146, 1147 [2013]).

Defendant's remaining assertions require little discussion. Inasmuch as defendant proclaimed himself satisfied with defense counsel's performance during the plea colloquy and did not request new counsel until after moving to withdraw his guilty plea, we cannot say that County Court abused its discretion in denying his request for the appointment of new counsel without additional inquiry (see People v Porto, 16 NY3d 93, 101 [2010]; People v Medina, 44 NY2d 199, 208-209 [1978]). Lastly, defendant's contention regarding the evidence presented to the grand jury is precluded both by his guilty plea (see People v Hansen, 95 NY2d 227, 231-232 [2000]; People v Mercer, 81 AD3d 1159, 1160 [2011], lv denied 19 NY3d 999 [2012]) and appeal waiver (see People v Maye, 69 AD3d 1115, 1116 [2010], lv denied 15 NY3d 807 [2010]).

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court