*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 31, 2014                    105679
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

TIMOTHY J. WREN,
                        Appellant.
_____

Calendar Date:   May 30, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Richard D. Northrup Jr., District Attorney, Delhi (John L. Hubbard of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered January 28, 2013, convicting defendant upon his plea of guilty of the crimes of grand larceny in the third degree and committing a fraudulent practice.

        Defendant was charged with various crimes in an 11-count indictment stemming from the filing of fraudulent work activity reports and the receipt of workers' compensation benefits to which he was not entitled between February 2009 and January 2012. In full satisfaction of the indictment, defendant pleaded guilty to one count of grand larceny in the third degree and one count of committing a fraudulent practice in exchange for a negotiated prison term of 1 to 3 years on each count to be served concurrently, but consecutively to a term that defendant was

currently serving for an unrelated offense, and $23,850 in restitution.  Defendant thereafter moved to withdraw his plea. County Court denied defendant's motion without a hearing and imposed the agreed-upon sentence.  Defendant appeals.

We affirm.  The decision as to whether a defendant should be permitted to withdraw his or her guilty plea is committed to the sound discretion of the trial court and a hearing is only warranted when the record presents a genuine issue of fact with respect to its voluntariness (see People v Ravenell, 114 AD3d 997, 998 [2014]; People v Brandon, 112 AD3d 1069, 1070 [2013]). Absent evidence of innocence, fraud or mistake in the inducement, a plea generally may not be withdrawn (see People v Ravenell, 114 AD3d at 998; People v Arnold, 102 AD3d 1061, 1062 [2013]).  Here, during the plea colloquy, defendant related that he had ample opportunity to discuss the plea bargain with counsel and was satisfied with counsel's performance, that nobody had made any promises or threats and that he was pleading guilty voluntarily, and he admitted to the conduct constituting the crimes.  County Court clarified defendant's answers, so we find nothing in the record that casts doubt upon his guilt.  Inasmuch as there is no substantiation for his later assertions of innocence and undue pressure from counsel, we cannot conclude that the court erred in denying the motion to withdraw the plea without a hearing (see People v Brandon, 112 AD3d at 1070; People v Arnold, 102 AD3d at 1062).

We also find no merit to defendant's assertion that he was deprived of the effective assistance of counsel.  "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014] [internal quotation marks and citations omitted]).  Here, counsel made appropriate pretrial motions, and defendant's plea represented a significant reduction in the potential consecutive prison sentences he faced should he have been convicted on all 11 counts of the indictment.  Accordingly, we conclude that counsel was effective in his representation of defendant (see People v Sylvan, 108 AD3d at 870; People v Leszczynski, 96 AD3d 1162, 1162-1163 [2012], lv denied 19 NY3d

998 [2012]).

Stein, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court