*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    106206
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ASHRAF ABDULLAH,
                        Appellant.
_____


Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

_____

        Kindlon Shanks & Associates, Albany (Terence L. Kindlon of
counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____


Stein, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered September 6, 2013 in Albany County, convicting defendant
upon his plea of guilty of the crime of robbery in the second
degree.

        In satisfaction of two consolidated indictments, defendant
accepted a plea bargain by which he agreed to enter a guilty plea
to one count of robbery in the second degree in exchange for a
promised prison sentence of no more than 15 years, to be followed
by a period of postrelease supervision, and waived his right to
appeal.  Prior to sentencing, defendant moved to withdraw his
plea, asserting that it was not voluntary because he did not
fully comprehend the plea proceedings, he was pressured into

pleading guilty and he was denied the effective assistance of counsel. Defendant also claimed that the Assistant District Attorney assigned to prosecute his case should have been disqualified and, finally, that he was innocent of the charges. Supreme Court denied defendant's motion without a hearing and sentenced defendant, in accord with the plea agreement, to a prison term of 14 years, to be followed by four years of postrelease supervision. Defendant now appeals and we affirm.

By pleading guilty, defendant has waived his claim that the prosecutor should have been disqualified (see People v Gryner, 116 AD3d 1247, 1248 [2014]; People v Calvello, 70 AD3d 847, 848 [2010]). In any event, were the argument properly before us, we would find it to be meritless. Defendant's related assertion that his counsel was ineffective by failing to adequately develop the disqualification motion is also foreclosed by defendant's valid appeal waiver, which he does not challenge, as such claim does not impact the voluntariness of his plea (see People v Livziey, 117 AD3d 1341, 1342 [2014]; People v Barton, 113 AD3d 927, 928 [2014]).

With respect to the merits of defendant's remaining arguments, "[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (People v Cole, 118 AD3d 1098, 1100 [2014] [internal quotation marks and citations omitted]; see People v Wren, 119 AD3d 1291, 1292 [2014]). Here, defendant asserts that he was coerced into pleading guilty by counsel and Supreme Court, that his unfamiliarity with the English language prevented him from fully understanding what was occurring and that, as a result of a recent hunger strike, he was not lucid when he entered the plea. The latter claim is belied by the record, which contains medical notes indicating that defendant began consuming fluids a full week before the April 26, 2013 plea appearance and had resumed eating solid food three days prior to entering the plea. Moreover, during Supreme Court's thorough plea colloquy, defendant unequivocally stated that he was thinking clearly, understood everything that was occurring and denied that he was on any drugs, alcohol or medication that could have affected his ability to understand what was

transpiring.

Additionally, defendant was provided with an interpreter for each and every court proceeding and confirmed during the plea that he understood some English, denied having any problem communicating with his attorney and indicated that he had sufficient opportunity to confer with her.  When defendant requested additional time to speak with his attorney about the appeal waiver at one point during the plea, despite being allowed half an hour to do so, defendant returned to court within 10 minutes and indicated his desire to go forward with the plea.  Thus, his claim that he did not understand the nature of the plea proceedings is also contradicted by the record (see People v Jimenez, 96 AD3d 1109, 1100 [2012]; People v Vasquez, 61 AD3d 1109, 1111 [2009]).  Further, defendant denied that he had been coerced or threatened into pleading guilty and, in response to Supreme Court's persistent questioning, defendant indicated that he was absolutely certain that he wanted to enter a plea (see People v Howard, 119 AD3d 1090, 1091 [2014], lv denied ___ NY3d ___ [Sept. 24, 2014]).  Additionally, defendant offered no evidence to substantiate his postplea claim of innocence that would have required a hearing (see People v Cole, 118 AD3d at 1100; People v Brandon, 112 AD3d 1069, 1070 [2013]).

Defendant's claims that his plea was not voluntary because he was denied the effective assistance of counsel are likewise contradicted by the plea colloquy, during which defendant assured Supreme Court that he was satisfied with his counsel's representation, and the record demonstrates that counsel made appropriate pretrial motions and negotiated an advantageous plea on defendant's behalf (see People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]; People v White, 104 AD3d 1056, 1057 [2013], lvs denied 21 NY3d 1018, 1021 [2013]; People v Fiske, 68 AD3d 1149, 1150 [2009], lv denied 14 NY3d 800 [2010]).[1] Inasmuch as the plea minutes reflect that defendant's plea was

---

[1]  To the extent that defendant's arguments relate to matters outside the record, they are more appropriately raised in a CPL article 440 motion (see People v Wasley, 119 AD3d 1216, 1217 [2014]; People v Santiago, 118 AD3d 1032, 1033 [2014]).

knowing, voluntary and intelligent, we perceive no abuse of Supreme Court's discretion in denying his motion to withdraw such plea (see People v Wren, 119 AD3d at 1292; People v Howard, 119 AD3d at 1091).  Defendant's remaining contentions have been considered and are unavailing.

Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court