*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014          104097
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL J. CAVALLARO,
                    Appellant.
_____

Calendar Date:  October 10, 2014

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Kevin M. Colwell, Albany, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered December 23, 2010, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree.

        While under investigation by the Ulster Regional Gang
Enforcement Narcotics Team, defendant sold ecstasy to a
confidential informant in March 2009.  As part of a controlled
buy operation, defendant sold cocaine to a second confidential
informant at defendant's residence in January 2010.
Investigators then obtained a search warrant for defendant's
residence, where they recovered a handgun and various illegal
drugs.  Thereafter, defendant was charged in an indictment with
various offenses arising out of the two drug sales and his

possession of the items seized at his residence.  Following a
hearing, County Court rejected defendant's efforts to suppress
physical evidence recovered in the search and statements that he
made to police after his arrest.  Defendant then pleaded guilty
to one count of criminal possession of a controlled substance in
the third degree in satisfaction of the indictment and admitted
to possessing cocaine at his residence.  County Court made no
sentencing commitment as part of the plea arrangement and
ultimately sentenced defendant, as a second felony offender, to a
10-year prison term followed by three years of postrelease
supervision.  Defendant appeals, and we now affirm.

Defendant initially contends that probable cause did not
support the issuance of the search warrant because a misstatement
in the search warrant application, as to when the January 2010
controlled buy occurred, called the reliability of the
confidential informant into question.  County Court credited,
however, the testimony of an investigator that the misstatement
in the application was a typographical error that was unconnected
to any information provided by the confidential informant.
Inasmuch as search warrant applications will "not be read in a
hypertechnical manner as if they were entries in an essay
contest," the factual error contained within the application did
not impair the warrant's validity (People v Hanlon, 36 NY2d 549,
559 [1975]; see People v Bowers, 92 AD2d 669, 670 [1983]; People
v Finch, 57 AD2d 641, 642 [1977]).  To the extent that defendant
otherwise questions the reliability of the confidential
informant, evidence of the "controlled buy of drugs at
defendant's apartment only days prior to the issuance of the
warrant satisfied the reliability prong of the Aguilar-Spinelli
test" (People v Morton, 288 AD2d 557, 558 [2001], lv denied 97
NY2d 758 [2002], cert denied 537 US 860 [2002]; see People v
Vargas, 72 AD3d 1114, 1115-1116 [2010], lv denied 15 NY3d 758
[2010]).  County Court thus properly found the search warrant to
be valid.

County Court also acted properly in declining to suppress
the statements that defendant made to police.  Defendant was
promptly transported to the police station after his arrest and
was advised of his Miranda rights before any questioning began.
The investigator then told defendant, not inaccurately, that the

handgun and drugs recovered in his apartment could have belonged to anyone who lived there, and that his live-in girlfriend would face criminal charges if no one took responsibility for possessing those items. Immediately thereafter, defendant admitted that the items were his. Defendant argues that the threat to arrest his girlfriend was coercive, but police are free "to capitalize on a defendant's sense of shame or reluctance to involve his family in a pending investigation absent circumstances which create a substantial risk that a defendant might falsely incriminate himself" (People v Johnson, 177 AD2d 791, 792 [1991] [internal citation omitted]; accord People v Mateo, 2 NY3d 383, 415-416 [2004], cert denied 542 US 946 [2004]; see People v Jackson, 105 AD3d 866, 869 [2013], lv denied 21 NY3d 1016 [2013]). Thus, under the totality of the circumstances present, we are satisfied that the People met their burden of showing that defendant's statements were voluntary (see People v Jackson, 105 AD3d at 869; People v Setless, 213 AD2d 900, 901 [1995], lv denied 86 NY2d 740 [1995]; compare People v Thomas, 22 NY3d 629, 641-642 [2014]).

Defendant's contention that he was denied the effective assistance of counsel is preserved for review via his motion to withdraw his guilty plea and is properly before us insofar as it implicates the voluntariness of that plea (see People v Howard, 119 AD3d 1090, 1091 [2014], lv denied 24 NY3d 961 [2014]). However, his specific claims of ineffective assistance are notably lacking in record support. Regardless, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014] [internal quotation marks and citations omitted]; accord People v Wren, 119 AD3d 1291, 1292 [2014]). The several attorneys who represented defendant over the course of this action entered into an appropriate stipulation in lieu of motions with the People, made pretrial motions, ably cross-examined witnesses at the suppression hearing, and then negotiated a plea that significantly reduced the sentencing exposure that defendant would have faced had he been convicted of all counts in the indictment. We accordingly conclude that defendant received meaningful representation (see People v Wren,

119 AD3d at 1292).

Finally, the sentence imposed was not harsh and excessive, particularly in light of defendant's extensive criminal background (see People v Long, 117 AD3d 1326, 1327 [2014], lv denied ___ NY3d ___ [Oct. 10, 2014]). Defendant further contends that County Court imposed the sentence in retaliation for his decision to engage in preplea motion practice but, to the extent that argument is properly before us, it is unsupported by the record (see People v Rorris, 52 AD3d 869, 871 [2008], lv denied 11 NY3d 741 [2008]).

Defendant's remaining arguments have been examined and are found to be lacking in merit.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court