*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                    104764
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                       MEMORANDUM AND ORDER

ALEXEI RAMEY,
                    Appellant.
_____

Calendar Date:  November 12, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____

        Tara Brower Wells, Latham, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A. Dwyer of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered December 2, 2011, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

        Defendant hired an individual, who happened to be an undercover police officer, to physically harm his pregnant ex-girlfriend in order to cause the death of the child she was carrying.  Before the plan was effectuated, he was apprehended by police and charged in an indictment with a number of crimes.  In satisfaction of the indictment, he pleaded guilty to attempted assault in the first degree and waived his right to appeal.  Although County Court advised defendant that he could be sentenced to a determinate prison term of between 3½ and 10 years

with five years of postrelease supervision, it did not commit to a particular sentence as part of the plea agreement. Prior to sentencing, defendant asked to withdraw his guilty plea based upon the ineffective assistance of counsel, and his attorney moved to be relieved of representing defendant. County Court granted counsel's motion and assigned a new attorney to represent defendant. Upon defendant's request, his new counsel moved to withdraw defendant's guilty plea. County Court denied the motion and sentenced defendant to nine years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

Initially, we note that defendant's ineffective assistance of counsel claim, to the extent that it impacts the voluntariness of his guilty plea, survives his waiver of the right to appeal and has been preserved by his motion to withdraw his guilty plea (see People v Howard, 119 AD3d 1090, 1091 [2014], lv denied 24 NY3d 961 [2014]; People v Devino, 110 AD3d 1146, 1147 [2013]). Turning to the merits, the Court of Appeals has recognized that the constitutional requirement of effective assistance of counsel is satisfied "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]). "'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel'" (People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014], quoting People v Carmona, 66 AD3d 1240, 1242 [2009], lv denied 14 NY3d 799 [2010]; see People v Wren, 119 AD3d 1291, 1292 [2014]).

Here, although defendant made complaints about his attorney during the course of the proceedings, defendant's claims that his attorney gave inaccurate advice, failed to discuss strategies and defenses and did not thoroughly investigate defendant's case concern matters outside the record that are more properly the subject of a CPL article 440 motion (see People v Wilson, 92 AD3d 981, 982 [2012], lv denied 19 NY3d 1029 [2012]). The record here discloses that defense counsel engaged in extensive discovery and motion practice, that included seeking the dismissal of the first count of the indictment, and advocated vigorously on defendant's

behalf.  Contrary to defendant's claim, it further shows that he and his attorney reviewed potentially incriminating tapes and transcripts prior to his entry of the guilty plea, and that his attorney negotiated a favorable plea considering the severity of the potential sentence if defendant were convicted of other counts of the indictment.  In sum, under the circumstances presented, we find that defendant was provided with meaningful representation (see People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]).

As for defendant's motion to withdraw his plea, whether he should be permitted to do so "'rests within the sound discretion of the trial court and, generally, such a motion should not be granted absent a showing of innocence, fraud or mistake in the inducement'" (People v Barton, 113 AD3d 927, 928 [2014], quoting People v Galvan, 107 AD3d 1058, 1058 [2013], lv denied 21 NY3d 1042 [2013]; see People v Little, 92 AD3d 1036, 1036 [2012]). Contrary to defendant's claim, his plea was not rendered involuntary due to the ineffectiveness of his counsel.  Moreover, the record discloses that defendant understood the ramifications of pleading guilty, including the rights he was forfeiting, and was not induced to enter the plea by threats or promises. Although he disclosed that he was taking pain medication, defendant assured County Court that this did not interfere with his ability to understand the proceedings.  In view of the foregoing, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea without a hearing (see People v Hoyt, 106 AD3d 1340, 1340 [2013]; People v Smith, 89 AD3d 1328, 1328 [2011]).

Lahtinen, Garry, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court