## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 19, 2015 105166
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

HENRI LAMONT JR., Also Known
    as DRE,
                    Appellant.
_____

Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

_____

        Brent R. Stack, Valatie, for appellant, and appellant
pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Nikki Kowalski of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the County Court of Albany County
(Breslin, J.), rendered May 22, 2012, convicting defendant upon
his plea of guilty of the crime of criminal sale of a controlled
substance in the third degree.

        In satisfaction of an indictment containing 20 counts
against defendant, he pleaded guilty to one count of criminal
sale of a controlled substance in the third degree.  In
accordance with the plea bargain, County Court sentenced him, as
a second felony offender, to seven years in prison, followed by
three years of postrelease supervision.  Defendant appeals.

We affirm.  Defendant failed to preserve his argument that County Court erred in granting the People's application to amend the indictment, as he did not oppose that application (see People v Wimberly, 86 AD3d 806, 807 [2011], lv denied 18 NY3d 863 [2011]; People v Rivera, 22 AD3d 888, 889 [2005], lv denied 6 NY3d 780 [2006]).  Defendant's valid waiver of appeal forecloses his argument that the court erred in denying his motions (see People v Frasier, 105 AD3d 1079, 1080 [2013], lv denied 22 NY3d 1088 [2014]; People v Lewis, 95 AD3d 1442, 1443 [2012], lv denied 19 NY3d 998 [2012]), as well as his claims of ineffective assistance of counsel that are not related to the plea process or the voluntariness of the plea (see People v Abdullah, 122 AD3d 958, 959 [2014]; People v Barton, 113 AD3d 927, 928 [2014]).

We reject defendant's argument that his plea was not knowing, intelligent and voluntary, inasmuch as the record belies his assertion that County Court coerced him into pleading guilty. The court's statements regarding defendant's sentencing exposure were informative, not coercive (see People v Ross, 117 AD3d 1342, 1343 [2014]; People v Seuffert, 104 AD3d 1021, 1022 [2013], lv denied 21 NY3d 1009 [2013]).  The arguments that defendant raises in his pro se brief are based on information outside the record, and are more appropriately the basis of a motion pursuant to CPL article 440.[1]

Rose, Egan Jr. and Devine, JJ., concur.

---

[1]  We will not consider documents appended to defendant's pro se brief that are outside the record.  Although defendant previously made a CPL article 440 motion that was denied, and this Court did not grant him permission to appeal that denial, it appears that the arguments in his current brief are not identical to those in his prior motion.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court