■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEAN N. TETREAULT, Appellant. [60 NYS3d 540]—

Peters, P.J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered June 19, 2015, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and unlawful manufacture of methamphetamine in the third degree.

Defendant was charged by indictment with burglary in the third degree and two counts of petit larceny stemming from his theft from a convenience store. Thereafter, he was charged in a separate indictment with unlawful manufacture of methamphetamine in the third degree and endangering the welfare of a child following the seizure of equipment and materials that defendant allegedly possessed and intended to use to produce methamphetamine. In full satisfaction of those two indictments, defendant pleaded guilty to burglary in the third degree and unlawful manufacture of methamphetamine in the third

---

degree and waived his right to appeal. He was sentenced, in accordance with the plea agreement, as a second felony offender to 4 to 6 years in prison followed by two years of postrelease supervision. Defendant appeals, and we affirm.

Defendant's claims that his guilty plea was not voluntary and that counsel provided ineffective assistance with respect to the plea are unpreserved for our review, as he did not raise them in an appropriate postallocution motion (*see People v Rich*, 140 AD3d 1407, 1407 [2016], *lv denied* 28 NY3d 936 [2016]; *People v Lewis*, 118 AD3d 1125, 1125 [2014], *lv denied* 24 NY3d 1003 [2014]). Further, the narrow exception to the preservation rule is inapplicable inasmuch as defendant "made no statements during the plea allocution that negated an element of the crime[s] or otherwise called into doubt his guilt or the voluntariness of his plea" (*People v Darrell*, 145 AD3d 1316, 1317 [2016]; *see People v Lopez*, 71 NY2d 662, 666 [1988]). Were we to consider these claims, we would find that defendant's plea was knowingly, voluntarily and intelligently entered with the benefit of meaningful representation (*see People v Briggs*, 138 AD3d 1355, 1356 [2016], *lv denied* 28 NY3d 927 [2016]; *People v Pickett*, 128 AD3d 1275, 1276 [2015], *lv denied* 26 NY3d 930 [2015]).

Defendant's challenge to County Court's denial of his motion to suppress statements made to law enforcement and physical evidence seized upon his arrest in the burglary case is precluded by his uncontested appeal waiver, which the record establishes was knowing, voluntary and intelligent (*see People v Hakkenberg*, 142 AD3d 1251, 1252 [2016], *lv denied* 28 NY3d 1072 [2016]; *People v Zippo*, 136 AD3d 1222, 1222-1223 [2016], *lv denied* 27 NY3d 1141 [2016]). To the extent that defendant raises arguments concerning his motion to suppress statements made to police in the methamphetamine case, such arguments are precluded by his valid appeal waiver and also by his guilty plea that was entered before County Court rendered a decision on his motion (*see People v Barton*, 113 AD3d 927, 928 [2014]; *People v Morrison*, 106 AD3d 1201, 1202 [2013], *lv denied* 23 NY3d 1065 [2014]; *People v Morton*, 84 AD3d 1507, 1507 [2011], *lv denied* 18 NY3d 884 [2012]). Defendant's contention that physical evidence that the police seized in the methamphetamine case must be suppressed is likewise precluded by his valid plea and appeal waiver (*see People v Barton*, 113 AD3d at 928; *People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Costa*, 4 AD3d 675, 676 [2004], *lv denied* 2 NY3d 797 [2004]), and is also unpreserved for our review inasmuch as defendant failed to raise it in his suppres-

sion motion (*see People v Durham*, 146 AD3d 1070, 1072 [2017], *lv denied* 29 NY3d 997 [2017]; *People v Shoga*, 89 AD3d 1225, 1230 [2011], *lv denied* 18 NY3d 886 [2012]).

Garry, Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the judgment is affirmed.