Peters, P.J.
 

 Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered February 2, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
 

 Defendant pleaded guilty as charged to robbery in the second degree. Prior to sentencing, he moved to withdraw his plea. County Court denied the motion without a hearing and thereafter sentenced defendant, as a second felony offender, to the agreed-upon prison term of five years, to be followed by five years of postrelease supervision. Defendant now appeals and we affirm.
 

 We reject defendant’s contention that County Court erred in denying his request for substitute counsel. Defendant initially asked for new counsel at a postindictment appearance and County Court granted the request. At subsequent appearances following the substitution of counsel, new counsel raised concerns regarding being able to communicate with defendant and defendant again requested a substitution of counsel. Defendant informed County Court that the rift with counsel centered around defendant’s belief that he had an affirmative defense to the crime of robbery in the first degree and requested that counsel pursue such a defense with motions and by providing him with certain written legal materials that support such defense. County Court fully explained that defendant was not charged with that crime so any actions in defense to that charge would be frivolous and, citing counsel’s experience and capability, denied the request on the ground that defendant had not proffered good cause to justify another substitution of counsel.
 

 The right to representation by counsel “does not encompass a right to appointment of successive lawyers at [the] defendant’s option,” but “the right to be represented by counsel of one’s own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel” (People v Sides, 75 NY2d 822, 824 [1990] [internal quotation marks and citation omitted]; see People v Gutek, 151 AD3d 1281, 1282 [2017]). “Good cause determinations are necessarily case-specific and therefore fall within the discretion of the trial court” (People v Linares, 2 NY3d 507, 510 [2004]; see People v Smith, 18 NY3d 588, 592 [2012]; People v Toledo, 144 AD3d 1332, 1333-1334 [2016], lv denied 29 NY3d 1001 [2017]). Among the factors that County Court may assess when considering the substitution of counsel is “whether present counsel is reasonably likely to afford a defendant effective assistance” (People v Smith, 18 NY3d at 592 [internal quotation marks and citation omitted]). Here, defendant’s claims regarding counsel’s failure to pursue a potential defense to an uncharged crime does not establish good cause for substitution of counsel. Further, defendant did not demonstrate that the communication problems between himself and counsel amounted to an irreconcilable conflict warranting substitution. Accordingly, County Court’s denial of defendant’s request for new counsel was not an abuse of discretion (see People v Smith, 18 NY3d at 593; People v Linares, 2 NY3d at 511; People v Breedlove, 61 AD3d 1120, 1121 [2009], lv denied 12 NY3d 913 [2009]).
 

 Defendant also contends that he was denied the effective assistance of counsel. Although this argument was preserved for our review by defendant’s motion to withdraw his plea, we find it to be without merit. “In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ford, 86 NY2d 397, 404 [1995]; see People v Khan, 139 AD3d 1261, 1264 [2016], lv denied 28 NY3d 932 [2016]). Here, counsel secured a very favorable plea deal, which included the imposition of the minimum sentence to which defendant was exposed {see Penal Law § 70.06 [6] [b]), and pursued appropriate pretrial motions (see People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]; People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]). Further, it is apparent that defendant’s difficulties in communicating with counsel were self-imposed (see People v Conyers, 227 AD2d 793, 794 [1996], lv denied 88 NY2d 982 [1996]). Accordingly, we conclude that defendant received meaningful representation (see People v Cavallaro, 123 AD3d 1221, 1223 [2014]; People v Wren, 119 AD3d at 1292).
 

 Defendant further contends that his guilty plea was not voluntarily entered into and that County Court erred in denying his motion to withdraw the plea. “Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement” (People v Farnsworth, 140 AD3d 1538, 1539 [2016] [internal quotation marks and citations omitted]; accord People v Beaver, 150 AD3d 1325, 1325 [2017]). For the reasons previously stated, we reject defendant’s contention that his plea was involuntary as the result of ineffective assistance of counsel. Moreover, the record reflects that County Court affirmed that defendant understood the ramifications of pleading guilty, including the rights being forfeited by the plea, that he had discussed the plea with counsel and that he was not coerced into accepting the plea agreement. Accordingly, defendant’s plea was knowing, voluntary and intelligent (see People v Arnold, 102 AD3d 1061, 1062 [2013]; People v Merck, 242 AD2d 792, 793 [1997], lv denied 91 NY2d 895 [1998]), and County Court properly denied the motion to withdraw the guilty plea without a hearing (see People v Morey, 110 AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]; People v Galvan, 107 AD3d 1058, 1059 [2013], lv denied 21 NY3d 1042 [2013]).
 

 McCarthy, Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.