People v Dickerson (2019 NY Slip Op 00166)





People v Dickerson


2019 NY Slip Op 00166


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

109347

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHALEEK DICKERSON, Appellant. 

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.




MEMORANDUM AND ORDER
Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.
Devine, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered February 2, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In June 2016, defendant was charged by indictment with criminal sale of a controlled substance in the third degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of the above charge and other pending possession charges and waived his right to appeal. In accordance with the plea agreement, Supreme Court sentenced defendant, a second felony offender, to a prison term of three years to be followed by two years of postrelease supervision. Defendant appeals, and we now affirm.
Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. During the plea colloquy, Supreme Court advised defendant that a waiver of appeal was a condition of the plea agreement and explained to him that he ordinarily retained the right to appeal and that the waiver was separate and distinct from the trial-related rights that he was forfeiting by pleading guilty (see People v McDonald, 165 AD3d 1327, 1327 [2018]; People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]). Defendant confirmed that he understood and then executed a written waiver in open court after consulting with counsel (see People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]; People v Smith, 157 AD3d 1059, 1059 [2018], lv denied 31 NY3d 987 [2018]). Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Williams, 163 AD3d 1172, 1172-1173 [2018], lv denied 32 NY3d 1009 [2018]; People v Savage, 158 AD3d 854, 855 [2018]). Accordingly, defendant's challenge to the severity of the agreed-upon sentence imposed is precluded (see People v Lew, 165 AD3d [*2]1322, 1322 [2018]; People v Velez, 158 AD3d 952, 952-953 [2018]).
Defendant's challenge to the voluntariness of his plea is not precluded by his appeal waiver, but it is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion despite having had ample opportunity to do so prior to sentencing (see People v Milligan, 165 AD3d 1347, 1347 [2018]; People v Gorman, 165 AD3d 1349, 1349 [2018]), and the narrow exception to the preservation requirement is inapplicable (see People v Evans, 156 AD3d 1246, 1247 [2017], People v Tetreault, 152 AD3d 1081, 1082 [2017], lv denied 30 NY3d 984 [2017]). To the limited extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea and survives his appeal waiver, it is similarly unpreserved (see People v Norton, 164 AD3d 1502, 1503 [2018], lv denied ___ NY3d ___ [Nov. 29, 2018]; People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied 32 NY3d 938 [2018]). In any case, defendant's claim that defense counsel failed to explore potential defenses implicates matters outside of the record and is more properly addressed in the context of a CPL article 440 motion (see People v Retell, 164 AD3d 1501, 1502 [2018]; People v Burks, 163 AD3d 1286, 1287 n [2018], lv denied 32 NY3d 1063 [2018]).
Defendant's remaining contentions have been considered and are without merit.
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.