People v Haggray (2019 NY Slip Op 04235)





People v Haggray


2019 NY Slip Op 04235


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

109188

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TREVAUGHN HAGGRAY, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Salvatore Adamo, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered December 8, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of a 10-count indictment and waived the right to appeal. Prior to sentencing, defendant made an oral motion to withdraw his plea citing ineffective assistance of counsel. County Court denied the motion and sentenced defendant in accordance with the plea agreement to nine years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. The record reflects that County Court advised defendant that an appeal waiver was a condition of the plea agreement and adequately explained the separate and distinct nature of the right to appeal. Defendant also signed a written waiver in open court after discussing it with counsel, and he assured County Court that he understood its ramifications. Under these circumstances, we conclude that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Bridge, 166 AD3d 1168, 1168-1169 [2018], lv denied 32 NY3d 1124 [2018]; People v Garcia, 164 AD3d 958, 958-959 [2018], lv denied 32 NY3d 1003 [2018]). As such, defendant's contention that the sentence is harsh and excessive is precluded (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Watkins, 166 AD3d 1239, 1240 [2018], lv denied 33 NY3d 955 [2019]).
Defendant also claims that his counsel was ineffective. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of [*2]counsel" (People v Beekman, 134 AD3d 1355, 1356-1357 [2015] [internal quotation marks and citations omitted], lv denied 27 NY3d 992 [2016]; see People v Griffin, 165 AD3d 1316, 1318 [2018]). Here, the record reflects that counsel pursued appropriate pretrial motions and negotiated an advantageous plea on defendant's behalf that reduced his sentencing exposure. Further, nothing in the record casts doubt upon counsel's effectiveness. Under these circumstances, we find that defendant received meaningful representation (see People v Beekman, 134 AD3d at 1357; People v Cavallaro, 123 AD3d 1221, 1223 [2014]; People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]).
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.