■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SERRANO, Appellant. [788 NYS2d 272]—

Mercure, J.P. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered June 26, 2001, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), sexual abuse in the first degree (16 counts) and endangering the welfare of a child (18 counts).

Following an investigation of allegations by seven of defendant's former foster sons that defendant sexually abused them, defendant was charged with numerous counts of sodomy in the first degree, sexual abuse in the first degree and endangering

the welfare of a child in a 36-count indictment. A jury convicted defendant as charged and, thereafter, he was sentenced to, among other things, several consecutive prison terms. Defendant appeals and we now affirm.

Initially, defendant contends that his confession was involuntary because it was made after police used unfair interrogation tactics such as questioning him for 12 hours and informing him that he failed a polygraph examination. Defendant urges us to end the "polygraphic gambit of confession extraction." To the extent that defendant argues that the police practices were deceptive, we note that "[s]uch police stratagems do not compel a conclusion of involuntariness unless there is a showing that the deception was 'so fundamentally unfair as to deny due process' " or that it was "accompanied by a promise or threat that could induce a false confession" (*People v Jordan*, 193 AD2d 890, 892 [1993], *lv denied* 82 NY2d 756 [1993], quoting *People v Tarsia*, 50 NY2d 1, 11 [1980]; *see People v McNeil*, 273 AD2d 608, 609 [2000], *lv denied* 95 NY2d 868 [2000]). Defendant makes no allegation of any such threats or promises here.

Further, with respect to the nature of the police interrogation, the record reveals that defendant and his wife voluntarily went to the Catskill/Cairo police barracks, where they were asked for their assistance in the ongoing investigation and participated in two 45-minute interview sessions. Defendant was given a drink upon request and was unrestricted in his movement about the barracks. After approximately four hours, defendant agreed to a polygraph examination and drove with his wife to the Kingston police barracks for administration of the examination. Police at both barracks informed defendant that he was not in custody, could use the telephone and was free to leave any time he desired. Although an additional eight hours passed between his departure from the Catskill/Cairo barracks and his confession, much of this time involved travel between police barracks and preparation for the polygraph examination. Under these circumstances, we cannot say that the confession was involuntary (*see People v Jordan, supra* at 892). Moreover, even assuming that it could be said that defendant was in police custody when he made the statement, we note that he was given his *Miranda* warnings twice and signed a waiver of those rights (*see People v Hardy*, 223 AD2d 839, 840 [1996]; *see also People v Centano*, 76 NY2d 837, 838 [1990]).

Similarly unpersuasive is defendant's argument that County Court's alleged bias against him led the court to issue improper jury instructions and to erroneously restrict his testimony and cross-examination of the victims. To the extent that defendant's

challenges to the jury instructions are preserved (*see People v Herbert*, 251 AD2d 754, 755 [1998], *lv denied* 92 NY2d 983 [1998]), they are flatly contradicted by the record. Although defendant contends that County Court failed to instruct the jury that it should find defendant guilty only if the People proved every element of the crimes charged beyond a reasonable doubt, the court, after reading the elements of each charged crime, stated with respect to every count in the indictment that "if you find the People have not proven beyond a reasonable doubt any one or more of these . . . elements, then you must find the defendant, Jose Serrano, not guilty." Nor is there any merit to defendant's argument that County Court restricted his access to the victims' welfare records in violation of his right of confrontation. Finally, our review of defendant's testimony reveals that he was fully able to present his version of the events and County Court limited his testimony only when he attempted to discuss tangential or irrelevant information.

We have considered defendant's remaining arguments, including his claims of prosecutorial misconduct and that his sentence was excessive, and find them to be unpreserved, unsupported by the record or otherwise meritless (*see e.g. People v Jurgensen*, 288 AD2d 937, 938 [2001], *lv denied* 97 NY2d 684 [2001]).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.