# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**255**

**KA 13-01868**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

LAWRENCE M. BRADFORD, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (NICOLE L. KYLE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 25, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [6]). We note at the outset that, as the People correctly concede, defendant did not waive his right to appeal.

Defendant failed to preserve for our review his contention that County Court erred in sentencing him without the benefit of an adequate presentence report (*see People v Frazier*, 91 AD3d 1319, 1319, *lv denied* 18 NY3d 994; *People v Goodbody*, 249 AD2d 977, 977), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). We reject defendant's further contention that he was denied effective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel . . . , and that is the case here" (*People v Bonavito*, 121 AD3d 1499, 1500 [internal quotation marks omitted]). To the extent that defendant contends that defense counsel was ineffective in failing to investigate or explore potential defenses, his contention is not properly before us because it involves matters outside the record on appeal and, thus, it must be raised by way of a motion pursuant to CPL article 440 (*see People v Smith*, 122 AD3d 1300, 1301; *People v Sylvan*, 107 AD3d 1044, 1045-1046, *lv denied* 22 NY3d 1141). Contrary to defendant's further contention, we conclude that the court did not coerce him into pleading guilty by advising him of the potential terms of incarceration in the event he

was convicted following a trial (*see People v Hamilton*, 45 AD3d 1396, 1396, *lv denied* 10 NY3d 765).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court