# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**405**

**KA 13-00726**

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

JOSEPH RAUSCH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ALICIA M. LILLEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 8, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that he was deprived of effective assistance of counsel by his attorney's failure to obtain a ruling on his suppression motion before defendant pleaded guilty to the charge. We affirm.

Contrary to defendant's initial contention that his waiver of the right to appeal is not valid, "the record establishes that County Court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401, *lv denied* 10 NY3d 863; *see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912), and the "[c]ourt's plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Buske*, 87 AD3d 1354, 1354, *lv denied* 18 NY3d 882 [internal quotation marks omitted]).

Defendant's contention that he was denied effective assistance of counsel survives his plea and valid waiver of the right to appeal only insofar as he demonstrates that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor

performance" (*People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773 [internal quotation marks omitted]; *see People v Jackson*, 90 AD3d 1692, 1694, *lv denied* 18 NY3d 958).  Here, to the extent that defendant contends that his plea was infected by the allegedly ineffective assistance of counsel, i.e., defense counsel's failure to request a suppression ruling, that contention "involve[s] matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440" (*People v Bethune*, 21 AD3d 1316, 1316, *lv denied* 6 NY3d 752).

Entered:  March 27, 2015                        Frances E. Cafarell
                                                Clerk of the Court