# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1085**

**KA 13-02166**

PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

JASON R. ALEXANDER, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered October 7, 2013. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree (two counts) and course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his guilty plea of, inter alia, two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), defendant contends that his guilty plea was not knowingly and voluntarily entered. Defendant failed to preserve his contention for our review because he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Laney*, 117 AD3d 1481, 1482). This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), " 'inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea' " (*Laney*, 117 AD3d at 1482).

Defendant failed to preserve for our review his contention that County Court should have assigned defendant substitute counsel before proceeding to sentencing, inasmuch as the record indicates that defendant never requested new counsel (*see People v Johnson*, 94 AD3d 1496, 1496-1497, *affd* 20 NY3d 990; *see generally* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Finally, the sentence is not unduly harsh or severe.