# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

383

KA 15-00636

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

RONALD T. SPOOR, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Seneca County (Daniel J. Doyle, J.), rendered February 6, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]), defendant contends that Supreme Court erred in refusing to suppress his statement to the police. We reject that contention. The court properly determined that defendant was not in custody when he made his admission to a police investigator. The evidence at the suppression hearing established that defendant voluntarily accompanied the investigator to a police station while seated in the front passenger seat of an unmarked vehicle, was cooperative, and was never restrained in any way, and the police conducted only investigatory rather than accusatory questioning (*see People v Murphy*, 43 AD3d 1276, 1277, *lv denied* 9 NY3d 1008; *People v Williams*, 283 AD2d 998, 999, *lv denied* 96 NY2d 926). Defendant then agreed to undergo a polygraph examination, and he voluntarily accompanied the investigator to another police station in the front seat of the vehicle and was offered food along the way (*see People v Serrano*, 14 AD3d 874, 875, *lv denied* 4 NY3d 803). Another police investigator provided *Miranda* warnings prior to administering the polygraph examination, which produced an inconclusive result, but defendant subsequently made his admission to the investigator during a further interview after acknowledging that he was voluntarily present and remained willing to speak. Under those circumstances, we conclude that "a reasonable person, innocent of any crime, would not have thought he or she was in custody if placed in defendant's position" (*People v Smielecki*, 77 AD3d 1420, 1421, *lv denied* 15 NY3d 956; *see generally People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851).

In any event, defendant validly waived his *Miranda* rights prior to making his admission to the investigator. Contrary to defendant's contention, the *Miranda* warnings he was provided were not deficient. "In determining whether police officers adequately conveyed the [*Miranda*] warnings, . . . [t]he inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his [or her] rights as required by *Miranda*" (*Florida v Powell*, 559 US 50, 60 [internal quotation marks omitted]; *see People v Dunbar*, 24 NY3d 304, 315, *cert denied* ___ US ___, 135 S Ct 2052). Here, we conclude that "the warnings given to defendant reasonably apprised him of his rights" (*People v Bakerx*, 114 AD3d 1244, 1247, *lv denied* 22 NY3d 1196). Contrary to defendant's further contention, despite his purported literacy deficiencies, the record of the suppression hearing supports the court's determination that defendant knowingly and intelligently waived his *Miranda* rights before making the admission (*see People v Williams*, 62 NY2d 285, 288-289; *People v Bray*, 295 AD2d 996, 997, *lv denied* 98 NY2d 694).

Contrary to defendant's further contention, under the circumstances of this case, the fact that he was transported to a second police station and spent several hours with the police, and that the police conducted a polygraph examination, did not render his admission involuntary (*see Serrano*, 14 AD3d at 875; *see also People v Ellis*, 73 AD3d 1433, 1434, *lv denied* 15 NY3d 851; *see generally People v Tarsia*, 50 NY2d 1, 11).

Defendant's contention that he was denied effective assistance of counsel survives his guilty plea "only insofar as he demonstrates that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance' " (*People v Rausch*, 126 AD3d 1535, 1535, *lv denied* 26 NY3d 1149 [internal quotation marks omitted]). Here, to the extent that defendant contends that he entered the plea because of his attorney's allegedly poor performance, i.e., defense counsel's failure to investigate the crimes properly and to obtain material from defendant's federal prosecution for potentially impeaching a police witness, that contention is not properly before us because it involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Bradford*, 126 AD3d 1374, 1375, *lv denied* 26 NY3d 926; *Rausch*, 126 AD3d at 1535-1536).

Defendant failed to preserve for our review his further contention that his guilty plea was not knowingly and voluntarily entered inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Alexander*, 132 AD3d 1412, 1413, *lv denied* 27 NY3d 1148). Moreover, "[t]his case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*Alexander*, 132 AD3d at 1413 [internal quotation marks omitted]). In any event, we conclude that defendant's

contention is without merit.

Entered:  March 31, 2017                  Frances E. Cafarell
                                          Clerk of the Court