People v Rivera (2019 NY Slip Op 09220)





People v Rivera


2019 NY Slip Op 09220


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1303 KA 15-01411

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BILLY J. RIVERA, DEFENDANT-APPELLANT. 






EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 9, 2015. The judgment convicted defendant upon a plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law
§ 125.25 [1]). Contrary to defendant's contention, Supreme Court "did not abuse its discretion in denying defendant's motion to withdraw the plea on the ground of coercion without conducting a hearing inasmuch as the record is devoid of a genuine question of fact as to the plea's voluntariness" (People v Ivey, 98 AD3d 1230, 1231 [4th Dept 2012], lv denied 20 NY3d 1012 [2013] [internal quotation marks omitted]).
Defendant's further contention that defense counsel was ineffective because he coerced defendant into pleading guilty is belied by defendant's statements during the plea colloquy (see People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]; see also People v Newkirk, 133 AD3d 1364, 1364 [4th Dept 2015], lv denied 26 NY3d 1148 [2016]). Moreover, defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effective assistance of [defense] counsel" (People v Days, 150 AD3d 1622, 1625 [4th Dept 2017], lv denied 29 NY3d 1125 [2017] [internal quotation marks omitted]). To the extent that defendant contends that certain conversations and interactions with defense counsel gave rise to ineffective assistance of counsel and also established that his plea was involuntary, such contentions "are based on matters outside the record and must therefore be raised by way of a motion pursuant to CPL article 440" (Dale, 142 AD3d at 1290 [internal quotation marks omitted]; see People v Spoor, 148 AD3d 1795, 1797 [4th Dept 2017], lv denied 29 NY3d 1134 [2017]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court